## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

EDWARD FLAITZ and
CARRIE BETTLES,

        Plaintiffs,

v.

CAPITAL ONE BANK (USA), N.A.,

        Defendant.

Case No.: 5:19-cv-4106

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. **TCPA, 47 U.S.C. § 227,**

2. **Invasion of Privacy - Intrusion Upon Seclusion**

### COMPLAINT FOR DAMAGES

Plaintiffs, Edward Flaitz ("Mr. Flaitz") and Carrie Bettles (Ms. Bettles) through their attorneys, allege the following against Capital One Bank (USA), N.A., ("Defendant"):

### INTRODUCTION

1.    Count I of Plaintiffs' Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.    Count II of Plaintiffs' Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts.

§ 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5.      Defendants transact business here; personal jurisdiction is established.

## PARTIES

6.      Plaintiffs are natural persons residing in Dickinson County, State of Kansas.

7.      Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in McLean, Virginia. Defendant can be served with process at 1680 Capital One Drive, McLean, VA 22102.

8.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9.      In or around February of 2019, Defendant began placing calls to Ms. Bettles' cellular phone, ending in (XXX) XXX-2965, in an attempt to collect an alleged debt.

10.     The calls placed by Defendant mainly originated from (800) 365-2024.

11.     On or about February 13, 2019, at 8:07 a.m., Ms. Bettles answered a collection call from Defendant; Ms. Bettles heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Ms. Bettles spoke with Defendant's representative, from telephone number (800) 365-2024.

12.     Defendant informed Ms. Bettles that it was attempting to collect a debt relating to her Capital One account.

13.     Ms. Bettles unequivocally revoked consent to be called any further.  Despite Ms. Bettles' request not to be contacted, Defendant continued to call her.

14.     Defendant regularly called Ms. Bettles one (1) to three (3) times a day on her cellular phone.

15.     Many times, when Ms. Bettles answered calls from Defendant, there was a pre-recorded message or no person on the phone.

16.     In or around March of 2019, Defendant began placing calls to Mr. Flaitz's cellular phone, ending in (XXX) XXX-0024, in an attempt to collect an alleged debt.

17.     The calls placed by Defendant mainly originated from (800) 955-6600 and (800) 365-2024.

18.     On or about March 7, 2019, Mr. Flaitz answered a collection call from Defendant; Mr. Flaitz heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Mr. Flaitz spoke with Defendant's representative, from telephone number (800) 955-6600.

19.    Defendant informed Mr. Flaitz that it was attempting to collect a debt relating to his Capital One account.

20.    On the call, Mr. Flaitz's requested that all calls to his cellular phone cease, despite his request, Defendant continued to call him.

21.    On or about March 14, 2019, at 2:21 p.m., Mr. Flaitz answered a collection call from Defendant; Mr. Flaitz heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Mr. Flaitz spoke with Defendant's representative, from telephone number (800) 365-2024.

22.    Defendant informed Mr. Flaitz that it was attempting to collect a debt relating to Ms. Bettles' Capital One account.

23.    Mr. Flaitz informed Defendant's representative that they called the wrong number and unequivocally revoked consent to be called any further.  Despite Mr. Flaitz's request not to be contacted, Defendant continued to call him.

24.    Defendant called Mr. Flaitz daily on his cellular phone.

25.    Many times, when Mr. Flaitz answered calls from Defendant, there was a pre-recorded message or no person on the phone.

26.    Between February 13, 2019 and September 1, 2019, Defendant called Ms. Bettles no less than three-hundred (300) times.

27.    Between March 14, 2019 and August 25, 2019, Defendant called Mr. Flaitz no less than ninety (90) times.

28.    Plaintiffs are in a long-term relationship and share their financial obligations.

29.     In or around May 2017, Mr. Flaitz lost his job and was unemployed for some time, making it difficult to keep up with their financial responsibilities.

30.     As a result of his unemployment, Mr. Flaitz is now self-employed but continues to face difficulties in maintaining a consistent income as a towing and recovery specialist.

31.     Mr. Flaitz always keeps his cellular telephone on him because it is the number he uses for his business.

32.     Ms. Bettles is a manager at a fire extinguisher shop and always has to be available to her employees, which requires her to have her cellular phone on her at all times.

33.     The majority of calls placed by Defendant to Plaintiffs' cellular phones occurred during working hours, causing a constant disruption to their work.

34.     Defendant's daily calls to Plaintiffs' cellular phones were constant reminders of their financial struggles, causing Plaintiffs' increased stress and anxiety while managing their home and work life.

35.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

## COUNT I
### Defendant Capital One's Violations of the TCPA, 47 U.S.C. § 227

36.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a.   Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.   Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38.   As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

## COUNT II
## Defendant Capital One's Invasion of Privacy
## (Intrusion upon Seclusion)

39.     Plaintiffs incorporate herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

40.     Defendant violated Plaintiffs' privacy. Defendant's violations include, but are not limited to, the following:

    a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiffs' solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiffs received calls that interrupted Plaintiffs' work and sleep schedule.

    c.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debts.

41.     As a result of Defendant's violations of Plaintiffs' privacy, Defendant is liable to Plaintiffs for actual damages.  If the Court finds that the conduct is found to be egregious, Plaintiffs may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Edward Flaitz and Carrie Bettles respectfully request judgment be entered against Defendant for the following:

    A.  Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: November 11, 2019

/s/ JD Haas
JD Haas, Esq.
J D Haas & Associates, PLLC
1120 East 80th Street, Suite 200
Bloomington, MN 55420
T: (952) 345-1025
E: jdhaas@jdhaas.com
*Attorneys for Plaintiffs*